**United States District Court**
For the Northern District of California

1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT
7
8                    FOR THE NORTHERN DISTRICT OF CALIFORNIA
9
10   JORGE NAHUM ESCUTIA                          No. C 11-1183 WHA (PR)
     MENDOZA,
11                                                **ORDER OF PARTIAL DISMISSAL;
                    Petitioner,                   TO SHOW CAUSE; DENYING
12                                                APPOINTMENT OF COUNSEL**
        v.
13
     TERRI GONZALEZ, Warden,
14                                                (Docket No. 4)
                    Respondent.
15   _____/
16
                                **INTRODUCTION**
17
        Petitioner, a California prisoner, filed a pro se petition for a writ of habeas corpus
18
     pursuant to 28 U.S.C. 2254.  He has paid the filing fee.
19
                                 **STATEMENT**
20
        In 1997, petitioner was convicted in Sonoma County Superior Court of rape, assault
21
     with a deadly weapon, sexual battery, false imprisonment, forcible sodomy, and resisting arrest.
22
     The trial court sentenced him to a term of 22-years-to-life in state prison.  The California Court
23
     of Appeal affirmed the judgment on appeal, but petitioner did not file a petition for review to
24
     the California Supreme Court.  He filed unsuccessful habeas petitions in all three levels of the
25
     California courts.
26
                                  **ANALYSIS**
27
     A.   **STANDARD OF REVIEW**
28
        This court may entertain a petition for writ of habeas corpus "in behalf of a person in

**United States District Court**
For the Northern District of California

1   custody pursuant to the judgment of a State court only on the ground that he is in custody in

2   violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a); *Rose*

3   *v. Hodges*, 423 U.S. 19, 21 (1975).  Habeas corpus petitions must meet heightened pleading

4   requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994).  An application for a federal writ

5   of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state

6   court must "specify all the grounds for relief which are available to the petitioner ... and shall

7   set forth in summary form the facts supporting each of the grounds thus specified."  Rule 2(c) of

8   the Rules Governing Section 2254 Cases, 28 U.S.C. foll. 2254.  "'[N]otice' pleading is not

9   sufficient, for the petition is expected to state facts that point to a 'real possibility of

10   constitutional error.'"  Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d

11   688, 689 (1st Cir. 1970)).

12   **B.    LEGAL CLAIMS**

13       As grounds for federal habeas relief, petitioner claims (1) he is entitled to equitable

14   tolling; (2) he received ineffective assistance of counsel at trial in violation of the Sixth

15   Amendment; (3) there was insufficient evidence to support his convictions; (4) trial counsel's

16   failure to adequately represent him violated his right to due process; (5) he was denied his Sixth

17   Amendment right to a jury trial; and (6) he received ineffective assistance of counsel on appeal.

18       Petitioner's first claim does not state a basis for federal habeas relief, but rather presents

19   an argument that the statute of limitations for federal habeas petitions should be excused in this

20   case.  This argument will be considered in opposition to any timeliness argument raised by

21   respondent, but not as an independent grounds for federal habeas relief.

22       Petitioner's fourth claim is not cognizable.  Deficient performance by trial counsel

23   implicates a defendant's Sixth Amendment right to counsel, as petitioner correctly claims in his

24   second claim, not his right to due process. *Strickland v. Washington*, 466 U.S. 668, 686 (1984).

25   Consequently, the fourth claim will be dismissed, and petitioner's arguments as to why counsel

26   was ineffective will be considered in conjunction with petitioner's second claim.

27       Petitioner's remaining four claims, when liberally construed, are cognizable.

28

2

**United States District Court**
For the Northern District of California

**CONCLUSION**

1. Petitioner's first and fourth claims, as described above, are **DISMISSED**.

2. The clerk shall mail a copy of this order and the petition with all attachments to the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on the petitioner.

3. Respondent shall file with the court and serve on petitioner, within ninety days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims found cognizable herein. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of the date the answer is filed.

4. Respondent may file, within ninety days, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within thirty days of the date the motion is filed, and respondent shall file with the court and serve on petitioner a reply within fifteen days of the date any opposition is filed.

5. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

//

//

//

3

1       6. Petitioner's motion for appointment of counsel (docket number 4) is **DENIED** at this

2 time as there is no need for an evidentiary hearing and petitioner is able to adequately present

3 his claims.

4       **IT IS SO ORDERED.**

5

6 Dated: March   24  , 2011.

           WILLIAM ALSUP

7            UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23 G:\PRO-SE\WHA\HC.11\MENDOZA1183.OSC.wpd

24

25

26

27

28

**United States District Court**

For the Northern District of California

4